[Civ. No. 19661.   Second Dist., Div. Two.   Oct. 29, 1953.]

H. E. MILLARD, Respondent, v. A. F. DETHER, Appellant.

Bertram H. Ross for Appellant.

Obegi & High for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action for an accounting and to recover money allegedly due plaintiff pur-

suant to a contract entered into between the parties, defendant appeals.

Judgment was entered in favor of plaintiff for $9,775.75.

*Facts:* Plaintiff, pursuant to two agreements, one dated July 21, 1950, and the other September 16, 1950, undertook to act for defendant as a sales representative at a commission fixed by the agreements. The first agreement provided that it was a tentative agreement and subject to change 60 days from the date of signing. It provided that plaintiff should receive a commission of 10 per cent on gross sales accredited to him. The second agreement read thus:

### "AGREEMENT

"I the undersigned Arthur F. Dether doing business as the D & M Manufacturing Company, do hereby agree to pay H. E. Millard (50%) fifty per cent of any increase in prices of any and all bids or work contracts the D & M Manufacturing Company secures through the efforts of H. E. Millard.

"Also on all orders or contracts of the above nature H. E. Millard is to receive (10%) ten per cent of the gross amount less the (50%) fifty per cent to be paid him on increased amounts prices over the original quotations by Arthur F. Dether.

"Signed this 16th day of September 1950

"D & M Manufacturing Company
"A. F. Dether."

The trial court after receiving parol eviaence of the intention of the parties, for the purpose of determining the ambiguity in the second paragraph of the agreement of September 16, 1950, made the following finding:

"The Court finds that on or about the 16th day of September, 1950, plaintiff and defendant entered into an amendment to the agreement of July 21, 1950, in writing, whereby defendant agreed to pay plaintiff a commission of fifty (50%) per cent of any and all amounts over and above the bid price quoted by defendant on all contracts secured through the efforts of plaintiff; that on all such contracts an amount equal to said commission of fifty (50%) per cent of the increased amount would be deducted from the total gross sales amount and a further commission of ten (10%) per cent of the balance would be paid to the plaintiff by the defendant."

*Question: Was the provision in the agreement of September 16, 1950, ambiguous which read thus: "Also on*

*all orders or contracts of the above nature H. E. Millard is to receive (10%) ten per cent of the gross amount less the (50%) fifty per cent to be paid him on increased amounts prices over the original quotations by Arthur F. Dether?"*

*Yes.* The agreement is not clear and explicit. From a reading thereof it is not apparent whether the parties intended that plaintiff was to receive 10 per cent of the gross amount of his sales, less 50 per cent, to be paid him on increased amount of original quotations, or that he was to receive 10 per cent of the gross amount after deducting 50 per cent of the amount paid him on increased prices which he obtained over the original quotations by defendant.

Under such a state of facts section 1860 of the Code of Civil Procedure that "For the proper construction of an instrument the circumstances under which it was made, including the situation of the subject of the instrument and of the parties to it may also be shown, so that the judge be placed in the position of those whose language he is to interpret," is applicable.

Pursuant to this provision, the trial judge received parol evidence as to the intention of the parties at the time the agreement was executed. Plaintiff testified as follows: "Say, for instance, Mr. Dether would bid $2.00 and I figured it out where I figured the bid should be $3.00, so the difference between Mr. Dether's bid and my bid was $1.00, so that we split the dollar in half, which would be fifty cents. That would be 50 cents I would receive so I would subtract the 50 cents I received from the $3.00, and charge him 10 per cent on the two dollars and a half, because I didn't think it would be fair to charge him 10 per cent on something I had already received."

Such evidence was received without objection and in view of the ambiguity in the instrument supports the trial court's finding noted above. ■ Such evidence was contrary to that given by defendant with the result that we are bound by the interpretation of the contract adopted by the trial court, the rule being settled that where extrinsic evidence has been introduced for the purpose of interpreting an agreement and such evidence or the inferences therefrom are conflicting, the issue is one of fact and the finding of the trial court consistent with the evidence is binding upon appeal. (*Crillo* v. *Curtola*, 91 Cal.App.2d 263, 272 [3] [204 P.2d 941]; *Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367,

370 [1] [210 P.2d 757] (hearing denied by the Supreme Court); *Estate of Rule,* 25 Cal.2d 1, 11 [4] [152 P.2d 1003, 155 A.L.R. 1319].)

Affirmed.

Moore, P. J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 23, 1953.