[Civ. No. 21136.   Second Dist., Div. One.   Oct. 31, 1955.]

THOMAS F. SEWARD, Respondent, v. WILLIAM R. WILKERSON, Appellant.

Bautzer, Grant & Silbert and Gilbert D. Seton for Appellant.

Max Fink, Cyrus Levinthal, Leon E. Kent and Emmet G. Lavery, Jr., for Respondent.

DORAN, J.—This is an appeal from the judgment.

The action is for money had and received and an accounting. The court gave judgment for plaintiff in the sum of $7,704.19.

As recited in appellant's brief,

"On or about July 1, 1944, plaintiff and defendant entered into a written agreement of partnership (hereinafter referred to as 'the partnership') for the ownership and operation of a publishing business under the firm name and style of The Hollywood Reporter. Thereafter, differences arose between plaintiff and defendant and in August of 1951, plaintiff commenced an action (not the one involved herein) against defendant in the Superior Court of the State of California in and for the County of Los Angeles, Case No. 589425, for declaratory relief, dissolution of the partnership, an accounting thereon, a receiver thereof and damages. On or about December 30, 1952, plaintiff and defendant entered into a certain written agreement for the purpose of dissolving and terminating the partnership and for the settlement of disputes and claims between them.

"Under Exhibit I, the partnership was to be dissolved and terminated on January 15, 1953. Upon dissolution, defendant was to acquire all of plaintiff's right, title, interest and estate in and to the assets of the partnership excepting only a certain automobile not herein involved and all accounts receivable of the partnership, and the proceeds thereof, existing as of the close of the month of November, 1952, said accounts receivable being hereinafter referred to as 'the accounts receivable.'

". . . . . . . . . . .

"The Findings of Fact and Conclusions of Law and the Judgment entered thereon purported to determine the amount of money owing by defendant to plaintiff as of August 31, 1954, under sub-paragraph (4) of Paragraph Third of Exhibit I.

"The total amount of money collected by defendant from the accounts receivable to and including August 31, 1954, was not in dispute. The dispute between plaintiff and defendant concerned two deductions which defendant claimed should be made from the total amount of collections from the accounts receivable in computing the amount of money, if any, owing from defendant to plaintiff under sub-paragraph (4) of Paragraph Third.

"The first disputed deduction involved sub-paragraph (2)

of Paragraph Third. Defendant claimed that under subparagraph (2) of Paragraph Third, the sum of Eighteen Thousand ($18,000.00) Dollars should be deducted from the total monies collected from the accounts receivable as of August 31, 1954, in computing the amount which should be disbursed in accordance with the provisions of sub-paragraph (4) of Paragraph Third.

"The second disputed deduction involved the question of whether defendant was entitled to deduct from the total amount of collections from the accounts receivable as of August 3, 1954 the amount of certain commissions in the sum of Seventy-One Hundred Thirty-Two and thirty-one/100 ($7132.31) Dollars, which sum defendant claimed was payable and paid out of the proceeds of the accounts receivable to salesmen of the partnership for having obtained the accounts receivable and for having collected the same."

The court found,

"That defendant has failed to prove that all or any specific portion of the $18,000.00 charged to said partnership by said firm of Bautzer, Grant, Youngman & Silbert, or any predecessor thereof, was a charge for services rendered to or for said partnership; and no portion of the sum of $18,000.00 which was paid by defendant to said attorneys is to be credited to defendant in the accounting which has been taken and stated herein.", and "That except for the sum of $1,292.41 (which, together with the sum of $3,707.59 heretofore paid on account of accounts payable, falls within the $5,000.00 maximum limitation of paragraph Third (1) of said Dissolution and Settlement Agreement), all remaining commissions to salesmen on account of collections of said accounts receivable were and are an obligation to be borne solely by defendant and no portion thereof is chargeable to plaintiff or deductible from plaintiff's share of the collections of said accounts receivable."

It is contended on appeal that, I. Defendant is, as a matter of law, entitled to credit in the sum of $18,000 for monies paid to said law firms; II. Finding of Fact VII is against the weight of the evidence which showed that defendant is entitled to a credit in the sum of $18,000 for monies paid to said law firms; III. Defendant is entitled, as a matter of law, to a credit in at least the sum of $10,800 for monies paid to said law firms; IV. The judgment is based upon an erroneous conclusion of law that defendant had the burden of proving the existence and amount of a partnership debt

to said law firms; V. Defendant is entitled to an additional credit (as a matter of law) in the sum of $5,839.90 for commissions paid to salesmen; VI. The lower court erroneously failed to consider extrinsic evidence in construing Exhibit I with reference to the right of defendant to an additional credit in the sum of $5,839.90 for commissions paid to salesmen; and VII. The judgment is void for want of jurisdiction by reason of the absence of indispensable parties.

From the foregoing it is obvious that the dispute relates to certain deductions which as contended by appellant should have been made, one of $18,000 and one of $7,132.31.

■ Appellant's contention No. VII is without merit. The other parties are unaffected by the action and are not necessary parties.

It is also obvious from the foregoing that appellant's arguments relate to the sufficiency and weight of the evidence. A review of the record supports respondent's contention in this regard; that the evidence is sufficient there is no question.

■ Although the evidence may be conflicting, it is well settled that when there is sufficient evidence to support them, the appellate court is without power to disturb the findings on appeal. (*Overton* v. *Vita-Food Corp.*, 94 Cal.App.2d 367 [210 P.2d 757].)

A review of the record reveals no prejudicial errors.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied November 22, 1955, and appellant's petition for a hearing by the Supreme Court was denied December 28, 1955.