[Civ. No. 19076.   First Dist., Div. Two.   Dec. 16, 1960.]

DOROTHY DiGIORGIO, Respondent, v. AL INDIVERI, Appellant.

Joseph F. X. Murphy, James Martin MacInnis and Richard Saveri for Appellant.

Machado, Feeley & Machado and Daniel M. Feeley for Respondent.

SHOEMAKER, J.—Plaintiff Dorothy DiGiorgio brought this action against defendant Al Indiveri for personal injuries. Her complaint sets out causes of action for both negligence and assault and battery. The judge sitting without a jury found for her on the negligence count, and against her contentions on the count of assault and battery.

The action grew out of an incident which occurred in a restaurant, Paul's Barbecue, located in San Jose, on April 30, 1957, at approximately 2 a. m. Both parties were patrons of the restaurant and had been drinking before their meeting. Plaintiff, awaiting her husband's arrival, was sitting in a booth with her sister-in-law. After they had been there a short time, they were joined in the booth by a Mr. Raineri, and a few minutes later the defendant came over. The plaintiff had a cup of coffee and a glass of water on the table in front of her when the defendant arrived; the defendant had a cup of coffee with him. The defendant told plaintiff he knew her from somewhere; she said that she did not know him and asked him to leave the table. Plaintiff stated she did not watch the defendant as he got up to leave; all she recalled was that he called her a name, and the next thing she knew was that she had been hit on the head, apparently by a water glass, and was covered by blood. She had a cup of coffee in her hand at the time and stated she threw it at defendant after she had been hit. Mr. Raineri testified that defendant stood up, and after calling plaintiff a name, either threw the glass at her, or threw the water at her and the glass slipped out of his hand, and that after that plaintiff threw the coffee at defendant. The defendant testified that after standing up and calling plaintiff a name he was hit by hot coffee, and the glass then flew out of his hand. A Mr. Berryessa supported defendant's story. The defendant testified that he did not intentionally throw the water glass at plaintiff, but rather that it was an accident. From the judgment in favor of plaintiff for her personal injuries in the sum of $2,365 defendant appeals.

The appellant's argument centers about the finding favorable to respondent on the negligence count, but against her on the count of assault and battery. He argues that it is implicit in this that the judge disbelieved respondent and her witness that defendant threw the glass at her, and that it was afterwards that she threw the coffee at him. He then theorizes that the only testimony that stands up was given by him and his witness, namely: that she threw the coffee

first, and that the water glass flew out of his hand by virtue of a reflex action. He points out that there must be a conscious volitional act for liability in negligence. (*Ford* v. *Carew & English* (1948), 89 Cal.App.2d 199, 203 [200 P.2d 828] ; Rest., Torts, § 2, pp. 6-7.) However, a review of the evidence indicates that this is not its only logical interpretation. The evidence is in conflict, but there is present in the record testimony which supports the theory that appellant, by his negligent conduct, caused the glass to strike respondent, inflicting the injuries of which she complains. ▮▮▮▮ It is elementary that when a judgment is attacked as unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or not, supporting the judgment; where two or more inferences can be reasonably deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court (*Crawford* v. *Southern Pacific Co.* (1935), 3 Cal. 2d 427, 429 [45 P.2d 183] ; credibility of witnesses is for the trial court (*Overton* v. *Vita-Food Corp.* (1949), 94 Cal.App. 2d 367, 370 [210 P.2d 757] ).

The judgment is affirmed.

Kaufman, P. J., and Draper, J., concurred.