[Civ. No. 10006.   Third Dist.   Sept. 5, 1961.]

INTO  WIRTA, Respondent, v. JOHN  VERGONA  et al., Defendants; IRVIN V. WILLAT, Appellant.

Turner and Taylor, Ball, Hudelson, Brown & Digiuseppe and Lawson M. Brown for Appellant.

Hill and Hill and Victor M. Corbett for Respondent.

PEEK, J.—By his complaint, plaintiff sought to recover the balance alleged to be due him on the sale of logs to defendants Willat, Vergona, and Lombardi, as partners operating a sawmill in Humboldt County. Defendants Vergona and Lombardi pleaded a discharge in a voluntary bankruptcy proceeding and by stipulation of counsel, the case appears to have been abated as to them. Defendant Willat, by his answer, denied generally the allegations of plaintiff's complaint, and specifically denied there had been any sale to him, that he

was a partner, or that he had held himself out as such. The cause proceeded to trial on the issues as framed and at the conclusion, the court found in favor of plaintiff and entered judgment accordingly.

Essentially, the sole contention made by Willat on appeal is that the evidence is insufficient to support the findings and in particular the finding "That it is true that defendant Willat, represented himself and allowed himself to be represented to plaintiff as a partner of defendants Vergona and Lombardi, and that on the faith of such representations plaintiff extended the aforementioned credit to defendants and to the apparent partnership composed of defendants, Vergona, Lombardi and Willat."

Viewing the record as we must in light of the rule so often cited (*Crawford* v. *Southern Pacific Co.*, 3 Cal.2d 427 [45 P.2d 183]; see also *Overton* v. *Vita-Food Corp.*, 94 Cal. App.2d 367 [210 P.2d 757]), it discloses that early in 1954 Vergona entered into discussions with Wirta concerning the latter's furnishing logs to the Sproul Creek Mill, which Vergona had taken over. Vergona told Wirta that he was associated with appellant and that appellant was financially responsible. Wirta later was introduced to appellant by Vergona as his partner. At this time Wirta told Vergona he could supply enough logs to keep the mill going. Later the same day Wirta met appellant at a hotel, where a discussion was had concerning payment. Appellant told Wirta that he would have no problem as far as money was concerned. He also told Wirta that, "we may be a little slow, but we'll pay you." Later, Wirta received a letter with appellant's signature on it, which read in part, "Friend Into, if we should be a little late with payments it won't be because your logs are not good or that we cannot find the market. It will be because we are having trouble setting up here, and because it takes a little time to collect, . . ." Later, Wirta received two checks from appellant in payment for logs delivered by Wirta to Sproul Creek Mill.

In addition to the testimony of Wirta, one Kniffen, who for a short time was the superintendent of the mill, testified that appellant was introduced to him as Vergona's partner. Kniffen also was present when appellant was introduced by Vergona to Wirta as his partner. The evidence also disclosed that Willat signed payroll checks for employees under the name Willat, Vergona and Lombardi.

The foregoing evidence is sufficient to establish a partnership by estoppel.

Section 15016 of the Corporations Code reads in part:

"(1) When a person, by words spoken or written or by conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership, and if he has made such representation or consented to its being made in a public manner he is liable to such person, whether the representation has or has not been made or communicated to such person so giving credit by or with the knowledge of the apparent partner making the representation or consenting to its being made."

We are of the further opinion that the evidence previously summarized was also sufficient to support the finding of reliance. Before Wirta agreed to deliver logs to the mill he wanted to know how he would be paid. Willat's answer to this query, coupled with the information given Wirta by Vergona as to Willat's financial status, was more than sufficient for the court to find that Wirta relied on the existence of the partnership in extending credit to the partnership. This was all that was necessary to support a finding of partnership by estoppel. (*Hunter* v. *Croysdill,* 169 Cal.App.2d 307, 315 [337 P.2d 174].)

No other points require discussion.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

A petition for a rehearing was denied October 5, 1961, and appellant's petition for a hearing by the Supreme Court was denied November 1, 1961.