[Civ. No. 20393.   First Dist., Div. Two.   Dec. 19, 1962.]

LLOYD MARSHALL FERGUSON et al., Plaintiffs and Respondents, v. MERCEDES FAJARDO, Defendant and Appellant.

Joseph A. Brown for Defendant and Appellant.

Herron & Winn, Fred R. Winn, Daniel W. Hone and Hubert Forsyth for Plaintiffs and Respondents.

AGEE, J.—Defendant appeals from a judgment for specific performance of a written agreement, wherein defendant agreed to sell and plaintiffs agreed to buy an apartment building and the furniture therein, located at 2953-55-57 Jackson Street, San Francisco, for the sum of $35,000. The

agreement was signed by the buyers and the seller on January 23 and 24, 1957.

The sale not having been consummated, a complaint for damages was filed by plaintiffs on August 20, 1957. Defendant filed an answer on September 23, 1957. On November 12, 1959, over two years later, plaintiffs were granted leave to amend their complaint on a noticed motion. There was no appearance made by defendant. Plaintiffs amended so as to include an additional cause of action for specific performance. Defendant filed an answer to the amended complaint on February 9, 1960, after her demurrer thereto had been overruled.

The action came to trial on February 27, 1961, before the court sitting without a jury. On May 25, 1961, after the matter was taken under submission but before the judgment, plaintiffs noticed a motion to amend their specific performance count to conform to the proof. The motion was opposed but was granted on June 8, 1961. The judgment in favor of plaintiffs then followed.

Defendant's first contention is that over two years had elapsed since the original filing of the complaint, and therefore plaintiffs were estopped from amending the pleadings to include the count for specific performance, and it was error for the trial court to so permit the amendment. Defendant bases this argument on the doctrine of election of remedies.

The rule of law applicable in this situation is well established. ▆▆▆ Whether, and under what circumstances, a party can change his pleading so as to take advantage of an alternative remedy is discussed in 1 Witkin, California Procedure, Actions, section 51, at page 548, as follows: ''Except where the principle of res judicata is involved . . ., the modern tendency is to explain election in terms of *estoppel,* i.e., to take into consideration not merely the plaintiff's manifestation of choice but also its effect on the defendant. Hence, despite a clearly manifested intention to pursue one of two inconsistent remedies, the plaintiff may thereafter seek the other remedy if the change will not work a substantial injury to the adverse party. . . . But if the change will for some reason operate to the prejudice of the defendant, the plaintiff's new remedy is barred, because his 'election' has continued to the point where he is *estopped to change his remedy.*'' (See also *Lenard* v. *Edmonds* (1957) 151 Cal.App.2d 764 [312 P.2d 308] which discusses at some length the prin-

122

ciples of election of remedies; *Goossen* v. *Adair* (1960) 185 Cal.App.2d 810, 821 [8 Cal.Rptr. 855].)

Defendant realizes that her contention is without merit unless some prejudice is proved. Therefore, it is her position that, in reliance on the plaintiffs' election to sue for damages at law, she expended approximately $5,500 in improvements of the property involved, which she would not otherwise have done if she had contemplated a prayer for specific performance.

However, the record does not bear out the fact that defendant has been prejudiced by the change of remedy. Instead, the record shows that the trial court, in the exercise of its equitable discretion, more than amply compensated defendant for any outlay of expenses that she made. The court permitted her to retain possession of all income produced by the property during the period beginning in February 1957, when the contract would have been performed, and the current date of the trial, in March 1961, a period of over four years. The court's findings of fact indicate that this amount, an unspecified sum, exceeded the expenditures of defendant on the property, a reasonable management fee, interest on the money expended, credit for the improvements made by virtue of any increase in value, and all other possible fruits of the investment allegedly made in reliance on plaintiffs' original form of action. Although the exact amount of income realized in the four year period was never specified, it can be roughly estimated that the sum would approximate $20,000, based upon the rental fees which defendant received, according to her own testimony.

Defendant's second contention is that plaintiffs breached the contract which contained a time of the essence clause, and thus were not entitled to either damages or specific performance. This is a question of fact which was considered by the court below and found to be without merit. Consequently, this court should not concern itself with the issue, unless there is no substantial evidence by which the trial court could have arrived at this conclusion. *(Cottle* v. *Gibbon* (1962) 200 Cal.App.2d 1 [19 Cal.Rptr. 82].)

Defendant's argument rests on a clause in the contract which reads, ''Deposit to be increased to $5,000.00 upon approval. Time is of the essence of this agreement.'' This clause appeared just over the buyers' signatures and defendant contends that the contract was breached because the plaintiffs did not tender $5,000 on or about January 24, 1957,

when the defendant approved the contract. To substantiate this, defendant offered evidence that on February 9, 1957, plaintiffs had on account in escrow the sum of only $919.99.

But the trial court was clearly correct in rejecting this argument, because it is refuted on the face of the contract itself. On the reverse side of page one of the contract, as a continuation of the terms of the contract, are the words: *"This offer subject to the purchasers obtaining a loan on their property known as 722-10th Ave."* (Italics ours.) Directly beneath are the initials M.F. Defendant testified the initials were hers and that she had placed them there by her own hand. It is quite obvious, as the evidence bears out, that the parties intended for the buyers to acquire the balance of the downpayment by a loan on their present property at 722-10th Ave. This was done on February 13, 1957, and the proceeds deposited in escrow. The evidence was thus amply sufficient to support the finding of the trial court that plaintiffs had not breached the time of the essence clause in the contract.

Defendant also contends that the evidence is not sufficient to support the trial court's finding that the purchase price of $35,000, as payable under the terms of the agreement, was the fair and reasonable market value of the property at the time of the execution of the agreement.

The fairness and adequacy of the consideration in an action for specific performance are questions of fact for the trial court (*Ornbaun* v. *Main* (1961) 198 Cal.App.2d 92, 97 [17 Cal.Rptr. 631]). Thus, the matter should be left to the sound discretion of the trial court if substantially supported by the evidence. *(Westwood Temple* v. *Emanuel Center* (1950) 98 Cal.App.2d 755, 759 [221 P.2d 146].)

In this case the record is replete with testimony by defendant herself and her real estate agents that the contemplated transaction was an exceptional bargain for her. For example, the testimony of her broker, Alfred Gruber, is in point: "Q. And what did you say? A. I remember that I told her that she had an excellent deal; that she had a full price, which is extremely rare—in all the years I have been a real estate agent the full price is very rare. As a broker and as an old acquaintance of hers I advised her to take the deal, and she thought that I was correct." And defendant remarked: "They both looked but so far I can't figure out how they were so impressed to buy right away the way they did," and "[t]hey don't ask him for a termite inspec-

tion; they don't ask him for nothing." We believe that the evidence is abundantly clear and sufficient to support a conclusion that the consideration was fair and adequate.

Defendant's final argument is the general complaint that the decision was not equitable. But she advances no legal arguments in support. There appears to be no reason why the trial court can be held to have abused its discretion in framing the decree for specific performance. *(Holibaugh* v. *Stokes* (1961) 192 Cal.App.2d 564 [13 Cal.Rptr. 528]).

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 13, 1963. Schauer, J., was of the opinion that the petition should be granted.