19 F.3d 1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raymond DAVENPORT, Plaintiff-Appellant,
v.
CITY OF LODI, Thomas A. Peterson and Larry F. Hughes,
Defendant-Appellee.
 No. 92-16581.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1994.
Decided March 16, 1994.
 
 Before: FLETCHER, KOZINSKI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 A. Davenport cannot bring suit here because he has already released his claims and entered a covenant not to sue. See ER at 81-83. The release and covenant constitute a valid contract because Davenport accepted McNatt's counteroffer through performance, see Cal.Civ.Code Sec. 1584 (party may accept offer through performance), in cashing the Worker's Compensation settlement drafts, see CR Doc. 88 at 177, and PERS checks, id. at 178. Davenport's letter dated August 19, 1989 to PERS, which asks PERS to "expedite" his retirement, see Supplemental ER at 12, reveals that he accepted McNatt's counteroffer knowingly. After all, he would not have acted to "expedite" his retirement if he thought the city had already undertaken this task for him.
 
 
 3
 B. The release and covenant do not fail for lack of consideration. To secure the release and covenant, the city waived its right to contest whether plaintiff would receive industrial or nonindustrial disability benefits, see CR Doc. 43 at 7; this waiver is meaningful because the city had no legal obligation to surrender this presumably valuable right. See id.
 
 
 4
 C. Davenport cannot avoid the release and covenant by relying on the city's alleged breach of a condition subsequent--here, the requirement that Davenport receive Industrial Disability Retirement effective on or about February 28, see ER at 82--because Davenport himself caused the breach. See Overton v. Vita-Food Corp., 94 Cal.App.2d 367, 371 (1949) (party cannot take advantage of his own act or omission to escape liability), disapproved on other grounds by Parsons v. Bristol Devel. Co., 62 Cal.2d 861 (1965). Davenport back-dated the retirement letter he delivered to PERS, see Supplemental ER at 14 (Defendants' hearing Exhibit "D"), and then asked PERS to conduct the investigation that took away his benefits. See CR Doc. 88 at 154, 164.
 
 
 5
 D. Finally, we reject Davenport's fraud, illegality and public policy arguments. A deal is a deal.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3