Filed 4/22/21  Marriage of Robles CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of AURELIO and MARIA ROBLES. | |
| AURELIO ROBLES,<br><br>Appellant,<br><br>v.<br><br>MARIA ROBLES,<br><br>Respondent. | F079023<br><br>(Super. Ct. No. FLM55043)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Merced County.  Shelly Seymour, Judge.

Aurelio Robles, in pro. per., for Appellant.

Brian H. Fray for Respondent.

-ooOoo-

Family Code section 2556 permits a party to a marital dissolution proceeding to file a postjudgment motion to obtain adjudication of the division of a community asset that has been omitted or not adjudicated by the judgment.  Here, appellant Aurelio Robles

---

[*]    Before Franson, Acting P.J., Smith, J. and Snauffer, J.

(Husband) pursued such a motion, alleging real property located in Mexico was a community asset. The family court denied the motion, concluding the claim about the real property had been presented multiple times and rejected on the ground that no such community asset existed. Husband appealed. As explained below, Husband has not carried his burden of affirmatively demonstrating the family court committed a prejudicial error.

We therefore affirm the postjudgment order.

## BACKGROUND

Husband and respondent Maria Robles (Wife) were married in March 1974 and separated in October 2010. In April 2013, the family court filed a judgment stating the marital status of Husband and Wife would end on July 5, 2013. The judgment ordered property division as set forth in an attached agreement. The attached agreement was made during a mediation, was signed by the parties and mediator, and was dated March 28, 2013. The agreement provided that Husband would apply for a mortgage against a residence located on Fourth Street in Livingston and pay Wife $27,000 for her interest in the property. Husband was required to deliver the stove and refrigerator to Wife and make an additional one-time cash payment of $2,500. The agreement stated neither party was requesting spousal support.

In October 2013, Wife filed a request for order enforcing the judgment, asserting she had not been paid in accordance with the judgment. Wife requested an order requiring Husband to pay the $29,500 to her in the presence of the judge. Wife stated she had signed the necessary documents for the transfer of title to the residence and Husband told her he did not feel he should have to pay her anything. Her declaration stated: "I want this to end as soon as possible so he can stop harassing me verbally and I can go on with my life."

2.

*First Request*

On October 31, 2013, Husband filed a request for order to set aside the judgment due to Wife's fraud and to divide omitted assets. In the supporting declaration, Husband asserted Wife committed fraud in the division of martial assets—specifically, "she intentionally withheld information in respect[] to three properties under the name of 'Maria De Jesus Muñiz Rojas[,'] which she has in Mexico." Husband estimated the value of the properties at $60,000 and asserted he was entitled to 50 percent of their value.

On November 6, 2013, the family court held a hearing on Wife's request for an order. At the hearing, Husband made a payment to Wife in the form of a check.

Later that November, Wife filed a response to Husband's request for an order and stated she did not consent to the requested order. Her supporting declaration stated Husband was well aware that the properties in question were never hers and that her older sister, who also was named Maria de Jesus Muniz, inherited them because her sister never married and lived with their parents. Wife attached copies of her sister's birth and death certificates and stated the properties had been sold. Her declaration also stated: "It is ridiculous for [Husband] to claim that I am committing fraud when he could have listed these properties at the time of the divorce. He is upset he had to pay me half the value of the home in Livingston." Wife requested an order directing him to pay $1,000 to deter Husband from making false statements against her and for the cost of going to Mexico to obtain documents to prove she was not committing fraud.

Husband's responsive declaration stated Wife was mocking the law and everything she presented was completely false. Husband attached documents that he asserted supported his claim. He argued the sisters had used their identical names to create confusion and serve their own convenience.

On December 3, 2013, the family court held a hearing and both parties appeared without lawyers. The minutes from that hearing stated the court ordered: "Any interest

3.

in property in Mexico is determined to be community property.  [¶]  If court in Mexico orders that done, this court will retain jurisdiction for division.  [¶]  Both parties to cooperate with issue of property in Mexico."

*Second Request*

On January 21, 2014, Husband filed a request for order relating to property along with a supporting declaration and documents.  Wife filed a responsive declaration stating:

> "This issue has been discussed numerous times in court.  I do not want to be brought back to court for this issue again.  I already explained I own nothing and there are no documents I can bring as proof since it is a small town and a lot of the old files have been disposed of.  I tried obtaining documentation that will prove I own nothing, but was told that old files were disposed of.  I do not know where I can get documents proving I no longer own any land.  [Husband's] 'proof' is outdated, he knows everything he claims I own has been sold.  I am not interested in finding out who sold it nor who bought it because I do not have the money nor time to be coming and going to Mexico.  I request this case be closed.  I know [Husband] will keep bringing me to court with false accusations because he has nothing better to do and wants to regain the money he paid me for the divorce."

On February 19, 2014, the family court held a hearing on Husband's request for an order and both parties represented themselves at the hearing.  The minutes state both parties were sworn and testified and Wife said the property in Mexico was owned by her sister and her sister sold the property.  The minutes also stated the motion was denied for lack of proof.

*Third Request*

On April 7, 2014, Husband filed a request for modification of the property order accompanied by a supporting declaration and documents.  In May, Wife filed a responsive declaration, asserting (1) there were no properties in Mexico; (2) her sister sold a property in 1996 and kept the money; and (3) the property Wife inherited from her father was sold in 1996 and Husband kept all of that money.

On May 20, 2014, the family court held another hearing, and each party appeared without a lawyer.  The minutes stated the court denied the motion "based on the fact that

4.

there is no property for the court to divide. Neither party has any interest in the properties listed on the Request for Order filed April 7, 2014."

*Fourth Request*

On July 25, 2014, Husband filed a request for modification order relating to omitted asset. In support of his request, Husband asked that his case be reviewed by a responsible and fair judge and stated his belief that his rights were violated unjustly by a negligent decision of the judge based on false statements of Wife. Husband again asserted Wife had committed fraud and presented false documents to the court. Wife's responsive declaration stated there were no omitted assets, she owned nothing in Mexico, no data would show otherwise, and she did not want to continue coming to court for this issue.

On August 4, 2014, the family court held a hearing on Husband's request, and each party appeared without a lawyer. The family court's written order stated it found Husband's request "was a reiteration of a motion he had filed with the Court and which the Court had heard, on three previous occasions." The court noted the result was always the same—that is, the request was "denied as there was no proof that there was an asset (allegedly real property in Mexico) omitted from division of the parties' community estate." The court gave Husband an opportunity to submit new or different proof in writing. Husband submitted a declaration on September 8, 2014.

The court's written order, filed on September 10, 2014, stated the court had reviewed Husband's declaration and found no new evidence establishing there was an asset omitted from the community estate. As a result, the court denied Husband's request. The order also stated:

> "Because this is the fourth time that [Husband] has brought the same motion before this court with the same proof, which the court finds deficient for the fourth time, the court further orders that should [Husband] bring another motion making the same claim without new or different proof, the Court reserves jurisdiction to award financial sanctions against

5.

[Husband], declare [Husband] to be a vexatious litigant under CCP Section 391 or both."

*Fifth Request*

On November 5, 2018, over four years after the order denying his fourth request, Husband filed a request for order that he labeled "REVIEW SAME EVIDENCE BEFORE DOES NOT VALUE." In a supporting document that does not qualify as a declaration and was not signed under penalty of perjury, Husband asserted his evidence was true and the allegations of Wife were false. Husband also appeared to request an explanation in writing why his position was not accepted. He asked that the properties be put in his name or that he be paid the actual value within one month. Wife's responsive declaration stated she had been brought into court four times for this issue and the last order stated financial sanctions would be imposed if Husband filed the same motion in the future.

On February 8, 2019, the family court held a hearing on Husband's request. Both parties appeared, represented themselves, were sworn and testified. The court informed Husband that his request was addressed in the court's September 10, 2014 written order and then read two paragraphs from that order into the record. The court found there was nothing for it to address and denied Husband's request. The court also ordered Husband to pay sanctions of $250 directly to Wife on or before March 8, 2019 and advised him that if he filed another motion with the same allegation, the court would increase the sanctions amount and consider putting him on the vexatious litigant list. On February 21, 2019, the court signed and filed findings and order after hearing on Judicial Council form FL-340, which included the minute order of February 8, 2019, as an attachment.

In March 2019, Husband filed a notice of appeal using optional Judicial Council form APP-002. Husband stated he was appealing from the judgment after court trial entered on "2/8/18." We liberally construe the notice of appeal as being taken from (1)

6.

the February 8, 2019, minute order denying the motion he filed on November 5, 2018, and (2) the findings and order after hearing filed on February 21, 2019.

## DISCUSSION

I.      OMITTED ASSET

A.      Applicable Legal Principles

1.      *Court's Authority to Address an Omitted Asset*

The subject of assets omitted from a judgment in a dissolution proceeding is addressed by Family Code section 2556, which provides in full:

> "In a proceeding for dissolution of marriage, for nullity of marriage, or for legal separation of the parties, the court has continuing jurisdiction to award community estate assets or community estate liabilities to the parties that have not been previously adjudicated by a judgment in the proceeding.  A party may file a postjudgment motion or order to show cause in the proceeding in order to obtain adjudication of any community estate asset or liability omitted or not adjudicated by the judgment.  In these cases, the court shall equally divide the omitted or unadjudicated community estate asset or liability, unless the court finds upon good cause shown that the interests of justice require an unequal division of the asset or liability."

The question of whether a particular asset is a community estate asset for purposes of this provision presents a question of fact.  Therefore, we turn to the principles of appellate procedure that govern our review of a lower court's determination of a question of fact.

2.      *Standard of Appellate Review*

It is well established that a "trial court's findings of fact are reviewed for substantial evidence."  (*Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 711.)  As described below, the fundamental rule of appellate procedure plays an important role in the outcome of this appeal.

When an appellant challenges the trial court's resolution of "disputed factual issues, a reviewing court's role is simply to determine whether substantial evidence supports the trial court's findings of fact."  (*In re Charlisse C.* (2008) 45 Cal.4th 145,

7.

159.)  Under this rule of law, "the reviewing court should not substitute its judgment for the trial court's express or implied findings supported by substantial evidence."  (*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Systems, Inc.* (1999) 20 Cal.4th 1135, 1143.)  An often-quoted statement in civil appeals addresses this standard:

> "Andre Gide once observed:  'Everything has been said already; but as no one listens, we must always begin again.'  With rhythmic regularity it is necessary for us to say that where the findings are attacked for insufficiency of the evidence, our power begins and ends with a determination as to whether there is ... substantial evidence to support them; that we have no power to judge of the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom.  No one seems to listen."  (*Overton v. Vita-Food Corp.* (1949) 94 Cal.App.2d 367, 370.)

This statement remains as accurate in 2021 as it was in 1981 when this court quoted it in *Montebello Rose Co. v. Agricultural Labor Relations Bd.* (1981) 119 Cal.App.3d 1, 21.  The deferential substantial evidence standard of review generally is considered a difficult standard for appellants to meet because reviewing courts do not retry the factual findings of the lower court.  (*In re Michael G.* (2012) 203 Cal.App.4th 580, 589.)

Evidence is "substantial" for purposes of this standard of review if it is of ponderable legal significance, reasonable in nature, credible, and of solid value.  (*Brewer v. Murphy* (2008) 161 Cal.App.4th 928, 935–936.)  It is well established under California law that the testimony of a single witness, even a party, may alone constitute substantial evidence.  (Evid. Code, § 411; *In re Marriage of Mix* (1975) 14 Cal.3d 604, 614.)

B.      Applicability of Substantial Evidence Standard

Here, the fundamental factual dispute is whether there was real property in Mexico that was an asset of the community estate.  Under the substantial evidence standard of review, this court is prohibited from reweighing the evidence and reaching its own

conclusion as to which parties' evidence should be believed and which parties' evidence should be rejected.

The record shows the family court evaluated the evidence presented and found that there was no property in Mexico that qualified as a community asset. Our examination of whether the family court erred in making this finding of fact seeks to determine whether there was substantial evidence to support the finding. Wife's declarations, which plainly state she no longer owned any property in Mexico after 1996, provide evidence that supports the family court's findings. Her declarations easily qualify as substantial evidence. (See *In re Marriage of Mix*, *supra*, 14 Cal.3d at p. 614.) Therefore, we conclude the family court did not commit reversible error when it resolved the parties' dispute by finding no assets had been omitted from the judgment. Accordingly, Husband's appeal is rejected.

## II. DEFICIENCIES IN APPELLANT'S BRIEFING

Wife's appellate brief contends this court should dismiss Husband's appeal because his brief failed to raise a claim of reversible error and failed to articulate pertinent argument and present authority on the points raised. Under California law, an appellant must establish error, not by merely asserting there was error, but by identifying the error, citing the applicable law, and showing where in the record the error occurred. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Here, Wife is correct in asserting that Husband's opening brief did not cite any applicable law to support his claim of error.

Wife further contends Husband's brief fails to meet several mandatory requirements of California Rules of Court, rule 8.204. For instance, she notes it does not contain a table of contents or a table of authorities. Wife is correct in stating Husband's brief did not meet these requirements imposed by California Rules of Court, rule 8.204(a)(1)(A). Husband also failed to state each point under a separate heading or

9.

subheading summarizing the point as required by California Rules of Court, rule 8.204(a)(1)(B).

Wife also argues Husband's challenge to the sufficiency of her evidence failed to " 'summarize the evidence on that point, favorable and unfavorable, and show how and why it is insufficient. [Citation.]' [Citation.] Where a party presents only facts and inferences favorable to his or her position, 'the contention that the findings are not supported by substantial evidence may be deemed waived.' " (*Schmidlin v. City of Palo Alto* (2007) 157 Cal.App.4th 728, 738, italics omitted; see *In re Marriage of Fink* (1979) 25 Cal.3d 877, 887 [appellant "cite[d] only evidence favorable to his position, ignoring all to the contrary. Such briefing is manifestly deficient."].) Husband's briefs do not summarize both the favorable and unfavorable evidence on the question of whether property in Mexico constituted a community asset and, therefore, Wife correctly identified another deficiency in Husband's briefing.

The foregoing deficiencies in Husband's briefing provide a separate, independent ground for denying his appeal.

III.    SANCTIONS REQUEST

Wife contends sanctions should be assessed against Husband because his appeal presented no arguably correct contentions and this court should infer the appeal was brought from no reason other than to harass her. Wife's request for sanctions is stated in her respondent's brief, rather than a separate motion for sanctions under California Rules of Court, rule 8.276(b). As a court of review, we are governed by that rule of court and Code of Civil Procedure section 907, which provides:

> "When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just."

The standards for determining whether an appeal is frivolous are set forth in *In re Marriage of Flaherty* (1982) 31 Cal.3d 637. An appeal may be found frivolous and

10.

attorney fees awarded when the appeal (1) "is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment," *or* (2) "indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*Id*. at p. 650; see *Bistawros v. Greenberg* (1987) 189 Cal.App.3d 189, 192–194 [self-represented appellant sanctioned $2,500 for frivolous appeal].) Generally, a requesting party makes this showing by filing a separate motion for sanctions, with supporting declaration, pursuant to California Rules of Court, rule 8.276. (See *Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 919 [request for sanctions made in respondent's brief denied].) Because Wife's brief does not provide all the information required of a motion for sanctions, the request is denied without prejudice.

## DISPOSITION

The February 2019 orders denying the request for order Husband filed on November 5, 2018, are affirmed. Wife shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

11.